# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL A. HERNANDEZ,<br><br>Petitioner,<br><br>V.<br><br>STATE OF NEBRASKA DEPARTMENT OF CORRECTIONS, and SCOTT FRAKES, Director,<br><br>Respondents. | 8:16CV141<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on initial review of Petitioner Michael Hernandez's ("Hernandez" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254. (Filing No. 1.) The court will dismiss Hernandez's Petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244(b), which provides in relevant part:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been

discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Id.* at 2797. In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id.* at 2798.

This court's records reflect that Hernandez's Petition is his third in this court challenging the same judgment. He challenges the conviction for distribution of a controlled substance obtained in the Box Butte County District Court. (*See* Filing No. 1.) Petitioner unsuccessfully challenged this same Box Butte County conviction in earlier federal habeas corpus litigation. *See Hernandez v. State of Nebraska*, No. 4:13CV3004, 2013 WL 2154913 (D. Neb. May 16, 2013) (dismissing habeas petition as second or successive); *Hernandez v. Houston, et al.*, No. 4:09CV3070, 2009 WL 5214874 (D. Neb. Dec. 22, 2009) (dismissing habeas petition with prejudice).

The pending Petition is successive under the statute because it challenges the same Box Butte County conviction and sentence already challenged in this court. The record does not reflect that Petitioner has received permission from the Eighth Circuit Court of Appeals to again attack this conviction. If Petitioner wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals

fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b).

## II.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).  I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Hernandez's Petition is dismissed without prejudice to reassertion of a subsequent petition upon authorization by the Eighth Circuit Court of Appeals.

2. The court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of May, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge