IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL A. HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV141 |
| | ) | |
| V. | ) | |
| | ) | |
| STATE OF NEBRASKA DEPARTMENT OF CORRECTIONS, and SCOTT FRAKES, Director, | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Respondents. | ) | |

Petitioner, who is incarcerated in Tecumseh State Prison, has moved the court for an order directing the prison's law library to provide him with copies of case law. (Filing No. 12.) Petitioner claims he needs the case law to prepare a motion to submit to the Eighth Circuit Court of Appeals. Petitioner asserts that the three hours per week he is permitted in the law library is insufficient for him to study and prepare a proper motion.

At issue here is Petitioner's constitutional right of access to the courts. In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977), the Supreme Court confirmed that inmates have a constitutional right of access to the courts that obligates prison officials to provide some means, such as a prison law library or a legal assistance program, "for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" The "right of meaningful access to the courts ensures that prison officials may not erect unreasonable barriers to prevent prisoners from pursuing or defending all types of legal matters." *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995).

While "prisoners have a constitutional right of access to the courts," *Bounds,* 430 U.S. at 821, the right is only violated if the prisoner has suffered an "actual

injury" by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim.  *Lewis*, 518 U.S. at 353 & 353 n. 3.

Petitioner has not alleged that any of the prison-officials erected any unreasonable barrier that prevented him from pursuing or defending a legal matter. In fact, Petitioner admits he is allowed three hours per week in the law library. Also, Petitioner has not alleged that he was impeded from pursuing a nonfrivolous legal claim.

IT IS THEREFORE ORDERED that Petitioner's "Motion for Order" (Filing No. 12) is denied.

DATED this 6th day of June, 2016.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge